UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WACHOVIA BANK, N.A.,

        Plaintiff,

v.                      CASE NO.: 8:15-cv-428-T-33AEP

HOLLY BENNETT, as Personal
Representative of Titus Campbell,

        Defendant.
_____/

**ORDER**

    The Court considers this matter sua sponte consistent with its obligation, as a court of limited jurisdiction, to inquire into its jurisdiction at the earliest possible stage of the litigation. See Kirkland v. Midland Mort. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001)(citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)). After doing so, the Court remands this matter to state court pursuant to 28 U.S.C. § 1447(c), which states, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**Discussion**

    On February 27, 2015, Holly Bennett, proceeding pro se, filed a "Notice of Removal to the United States District Court." (Doc. # 1).  However, Bennett did not provide the

Court with a copy of the state court Complaint. Nor is there any indication in the Notice of Removal as to whether the requirements of federal question jurisdiction have been satisfied.[1] The only aspect of the state court case Bennett has provided is the case number: 07-CA-006015. This is insufficient to confer federal subject matter jurisdiction. Accordingly, the Court has no basis for the exercise of jurisdiction over this matter.

Furthermore, even assuming, *arguendo*, that the Court has some basis for exercising subject matter jurisdiction over this case, because Bennett has not filed "true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind, . . . on file in the state court," as required by this Court's Local Rules, the Court is unable to determine whether the technical requirements for removal have been satisfied. <u>See</u> Local Rule 4.02(b), M.D. Fla. For instance, the absence of a state court record precludes the Court from determining whether the Notice of Removal is timely filed. Accordingly, Bennett's failure to include the state

---

[1] As a resident of Florida, Bennett does not have the option of removing a Florida state court action to this Court on the basis of complete diversity of citizenship due to the application of the forum defendant rule. <u>See</u> 28 U.S.C. § 1441(b)(2).

2

court Complaint (or even a description of the state court action) is a fatal deficiency.

The Court also takes this opportunity to explain that the issues raised in Bennett's counterclaim, including her accusation that Wells Fargo Bank, N.A., "formerly known as Wachovia Bank, N.A.," and myriad attorneys allegedly under its employ violated the Fair Debt Collection Practices Act and other laws, are not germane to the propriety of removal. (Doc. # 2). As stated by the Court in Bank of New York v. Angley, 559 F. App'x 956, 957 (11th Cir. 2014), "There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim." See also Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1012 (11th Cir. 2003)("Unless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question."); Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002)("It follows that a counterclaim--which appears as part of the defendant's answer, not as a part of the plaintiff's complaint--cannot serve as the basis for 'arising under' jurisdiction.").

In Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972

3

(11th Cir. 2002), the Court explained that a "removing defendant bears the burden of proving proper federal jurisdiction." Bennett has not carried her burden in this case to prove a basis for the Court's exercise of subject matter jurisdiction over the removed action. The Court accordingly remands the action to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1) The Clerk is directed to **REMAND** this case to state court based on a finding that the Court lacks subject matter jurisdiction.

2) Thereafter, the Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of March, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel and parties of record