```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

WACHOVIA BANK, N.A.,

              Plaintiff,
v.                                   CASE NO.: 8:15-cv-428-T-33AEP

HOLLY BENNETT, as Personal
Representative of Titus Campbell,

              Defendant.
_____/
```

**ORDER**

This matter comes before the Court sua sponte. On March 3, 2015, this Court entered an Order remanding this action to state court pursuant to 28 U.S.C. § 1447(c) based upon a finding that the Court lacks subject matter jurisdiction. As part of the Court's analysis, the Court remarked that Bennett failed to comply with Local Rule 4.02(b), M.D. Fla., which requires the party effecting removal to "file <u>with the notice of removal</u> a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, then on file in the state court." (emphasis added). Subsequent to filing the notice of removal, and in a separate transmission, Bennett tendered to the Court two "Notices," each containing additional documents. (Doc. ## 5-6). Bennett characterizes her submission as "documents for probable cause to suppressed evidence ruled as 'inadmissible'

to cause No. 07-CA-006015." (Doc. # 5).

These documents had not yet been furnished to the undersigned when the Order remanding the case was filed. The Court has now had the opportunity to examine each document Bennett has submitted. Even after its thorough review of all additional documents (Doc. ## 5-6), the Court maintains that removal was not proper in this case. After scouring the notice of removal and all attendant documents, the Court is unable to ascertain any appropriate basis for the Court's exercise of jurisdiction over the state court action, which has been pending since 2007.

28 U.S.C. 1446(a) provides that a removing defendant "shall file in the district court of the United States for the district and division within such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant" in the state court action. Bennett's notice of removal did not contain any explanation for the basis of removal. In addition, she did not include the required state court documents at the time of removal.

The belatedly tendered documents, which are now before

2

the Court, do not demonstrate that removal was appropriate. Removal statutes implicate significant federalism concerns and thus must be construed strictly, with all uncertainties resolved in favor of remand. <u>Henderson v. Wash. Nat'l Ins. Co.</u>, 454 F.3d 1278, 1281 (11th Cir. 2006); <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997).  In this case, even with the benefit of additional documents from Bennett, the Court determines that removal was not appropriate.  The Court's decision to remand this action is not affected by Bennett's submission of additional documents for the Court's consideration.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Court's examination of Bennett's exhibits filed as Doc. # 5 and Doc. # 6 supports the Court's original determination that removal of the present action was not appropriate and that this matter must be remanded to state court.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of March, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel and parties of record