UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WACHOVIA BANK, N.A.,

        Plaintiff,
v.                          CASE NO.: 8:15-cv-428-T-33AEP

HOLLY BENNETT, as Personal
Representative of Titus Campbell,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Holly Bennett's pro se Motion to Vacate Due to Judgment Procured by Fraud Under Rule 60(d)(3) and Motion for Sanction Under Rule 11 (Doc. # 22), which was filed on March 30, 2018. The Court denies the Motion for the reasons that follow.

**Discussion**

Bennett, a pro se defendant in a state court action, filed an improper Notice of Removal on February 27, 2015. (Doc. # 1). The Notice of Removal did not include any information about the state court complaint. In addition, it did not discuss the citizenship of any party nor did the Notice of Removal discuss a federal question. Rather than predicating removal on the basis of the Complaint, it appears that Bennett tried to remove the case based on her counterclaims against Wachovia Bank, N.A., which included the

allegation that Wachovia violated the Fair Debt Collection Practices Act. (Id.).

On March 3, 2015, this Court entered an Order remanding this action to state court pursuant to 28 U.S.C. § 1447(c), based upon a finding that the Court lacked subject matter jurisdiction. (Doc. # 7). The Court explained: "There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim." (Id. at 3)(citing Bank of New York v. Angley, 559 F. App'x 956, 957 (11th Cir. 2014)).

On March 13, 2015, Bennett filed a Motion for Relief from Judgment (Doc. # 9), suggesting that this Court's Order of Remand was incorrect because she sues an "officer of the courts of the United States." (Doc. # 9 at 1). The Court denied the Motion. (Doc. # 10). The Court explained that Bennett, a defendant in this case, is free to pursue an independent action against any attorneys and other individuals and entities that she claims have violated her rights. However, the removal of the relevant state court action in which Bennett is named as a defendant is not warranted based on her desire to pursue an action against various non-federal officers of the court. (Id.). Bennett filed an appeal. (Doc. # 12). On January 20, 2016, the Eleventh Circuit issued an

opinion affirming this Court's decisions. (Doc. # 17).

Thereafter, Bennett flooded the Eleventh Circuit with motions for reconsideration, petitions for review, requests to recall the mandate, and other myriad filings. On April 11, 2018, the Eleventh Circuit entered an Order curtailing Bennett's ability to file additional documents, finding Bennett's documents to be "duplicative, largely frivolous, and seek[ing] relief that is not available from this Court." (Doc. # 23). The Eleventh Circuit explained: "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions . . . The court has the responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." (Id.) (citing Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986)).

At this juncture, Bennett has filed a pro se "Motion to Vacate Due to Judgment Procured by Fraud Under Rule 60(d)(3) and Motion for Sanction Under Rule 11." (Doc. # 22). Among other tenuous assertions, Bennett claims that the Court's March 19, 2015, Order (Doc. # 10) was procured by fraud. However, the March 19, 2015, Order simply provided clarification to Bennett that the Court lacks jurisdiction

3

over this case. The initial Order of Remand explained that the case was improperly removed, but Bennett persisted in filing pro se motions. The Court entered the March 19, 2015, Order to provide a further explanation to Bennett regarding the requirements for federal jurisdiction and the procedures for removal. Bennett's present Motion continues to raise frivolous issues. The fact remains that the case was improperly removed to this Court, has been remanded to state court, and this Court does not have jurisdiction to adjudicate any of the claims or defenses at issue in this case. "Removal without the requisite factual demonstration of subject matter jurisdiction aggrandizes federal jurisdiction beyond the constitutional limit and disrupts the state court's rightful exercise of unquestioned constitutional power to adjudicate." Crowley v. State Farm Mut. Auto. Ins. Co., No. 8:13-cv-632-T-23EAJ, 2013 U.S. Dist. LEXIS 148935, at *4 (M.D. Fla. Oct. 15, 2013). The Court refuses to make any substantive rulings in this case because the Court lacks subject matter jurisdiction. The Court accordingly denies the Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Bennett's Motion to Vacate Due to Judgment Procured by Fraud Under Rule 60(d)(3) and Motion for Sanction Under Rule

11 (Doc. # 22) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>26th</u> day of April, 2018.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE